UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| VAUGHN D. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-0954 |
| | ) | |
| E. LAVOYD MORGAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 12, 2009, Plaintiff, acting *pro se* and incarcerated at St. Marys Correctional Center in St. Marys, West Virginia, filed in the Northern District of West Virginia his Complaint claiming entitlement to relief pursuant to 42 U.S.C. §1983.[1] (Document No. 1.) Plaintiff names E. Lavoyd Morgan, Jr., as the Defendant. (Id.) Plaintiff alleges that Defendant violated his constitutional rights by committing legal malpractice. (Id., pp. 4 - 5.) Specifically, Plaintiff's Complaint states as follows:

> My attorney, E. Lavoyd Morgan, Jr., [engaged in] unethical conduct and improper practice. Mr. Morgan, Jr., had me to take a plea agreement with the State on a three charge indictment when this attorney could have made a Motion to Dismiss the Indictment on the ground that the indictment is fatally defective because it did not contain the Grand Jury Foreperson's signature as W.Va. Code § 62-9-1(1931) requires. "Indicate that prescribed outlined indictment form is not indispensable and that an indictment adopting different phraseology will be good if essential elements are properly set forth." However, because of the Legislature used the work "shall in connection with the signature of the Grand Jury Foreperson and the attestation of the Prosecuting Attorney, an indictment not carrying on its back the endorsement of the prosecuting attorney is factually defective on a Motion to Quash." As well as in Rule 7(c)(1), the West Virginia Rules of Criminal Procedure.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> Rule 7: The Indictment and Information
>> (c) Nature and Contents.
>>> (1) In General – The indictment or the information shall be plain, concise, and a definite written statement of the essential facts constituting the offense charged. An indictment shall be signed by the Foreperson of the Grand Jury and the attorney for the State.
>
> Thus, it is improper practice to have a client to plea guilty to an Indictment that could be dismissed. Further, improper practice is when the attorney advised me of what the sentence was for Count 1 and Count 2. He said that these Counts carried "Not less than one (1) nor more than Fifteen (15) years" each. When in fact those two counts only carried, "Not less than (1) nor more than Five (5) year" each. Then said attorney improperly practiced concerning said Motion to Suppress Search. Said attorney did not even attempt to appeal said denial. Any good lawyer would have.

(Id.) As relief, Plaintiff requests to "be awarded money damages of Five Hundred Thousand Dollars." (Id., p. 5.)

By Order entered on August 20, 2009, the District Court for the Northern District of West Virginia transferred this matter to this District after determining that the defendant and all of the events alleged in the complaint occurred in Greenbrier County, West Virginia, which is located in the Southern District of West Virginia. (Document No. 9.)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim

lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1. **Defendant Morgan.**

In his Complaint, Plaintiff contends that Defendant violated his constitutional rights by committing legal malpractice. Specifically, Plaintiff alleges that Defendant failed to file appropriate pretrial motions, improperly advised him to plead guilty, and incorrectly advised him of his maximum term of imprisonment. (Document No. 1, pp. 4 - 5.) As stated above, to state and prevail upon a claim under Section 1983, the Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity

protected by the Constitution or laws of the United States. It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, ___ U.S. ___, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). Thus, Plaintiff cannot pursue a Section 1983 claim against Defendant.

**2.    State Law Claim:**

Viewing Plaintiff's claim against the Defendant as constituting a tort claim of legal malpractice under West Virginia law, the District Court cannot consider it under its supplemental jurisdiction because Plaintiff has failed to state any other claim for which relief can be granted over which the District Court has original jurisdiction.[2]

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

---

[2] The District Court has supplemental jurisdiction over State law tort claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." *United Mineworkers of America v. Gibbs*, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)(Citation omitted.)

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 23, 2012.

R. Clarke VanDervort
United States Magistrate Judge